FOR THE MIDDLE DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO.: 6:13.CV-1047-ORL-36DAB

SONIA GONZALES

    Plaintiff,

vs.

VICTORY CASINO CRUISES

    Defendant.

_____/

**COMPLAINT**

**COUNT ONE-NEGLIGENCE**

COMES NOW, the Plaintiff, SONIA GONZALES, by and through her undersigned

counsel, and sues the Defendant VICTORY CASINO CRUISES  (hereinafter referred to as

"VICTORY"), and states as follows:

1.    This is a cause of action which is brought in the District Court for the Middle District,

    Florida pursuant to 28 U.S.C. 1333, 46 U.S.C. 740, Rule 9h of the    Federal Rules of

    Civil Procedure and the forum selection clause of Plaintiff's  passenger cruise ticket with

    Defendant. There is no true diversity of citizenship as Plaintiff is a resident and citizen of

    the State of Florida, where Defendant is based. This is a maritime cause of action.

2.    That at all times material hereto, the Plaintiff, SONIA GONZALES, was a passenger on

    board VICTORY'S vessel *M/V Victory* and was a resident  of the State of Florida.

3.    Plaintiff has complied with all conditions precedent to bringing this action or the

    conditions precedent do not apply.

4.    Defendant is a foreign corporation which is licensed to do business in Florida as a

cruise line. Defendant's base of operations is in Brevard County, Florida.

5.    That this is an action in excess of $75,000.00, exclusive of interest and costs.

6.    This action is brought under the diversity of citizenship rules of the Federal Rules.

## GENERAL ALLEGATIONS

7.    Plaintiff realleges paragraphs One through Six  as if set forth herein.

8.    On or about July 15, 2012, Plaintiff was a fare paying, *sui juris,* passenger on

Defendant's vessel *M/S Victory.*

9.     At all times material Defendant owed Plaintiff a duty of reasonable care in the

circumstances aboard its vessel.

10.    Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by

unreasonably:

      a.    Serving the Plaintiff excess alcohol, said alcohol consumption caused or
          contributed to her fall.

      b.    Failing to maintain the carpet near or on the steps where Plaintiff fell.

      c.    Failing to properly inspect the carpeting where Plaintiff fell.

      d.    Failing to properly supervise and/or train employees to inspect carpeting.

      e.    Failing to have a policy on alcohol consumption by passengers on board
          the cruise.

      f.    Failing to warn Plaintiff about her consumption of alcohol.

11.    As a result, the Plaintiff fell down the vessel's steps; this fall causing her to fall and

severely injury her upper extremity, requiring surgery.

12.    At all times, the Defendant created  the dangerous conditions of which  Plaintiff

complains, had actual knowledge of the dangerous conditions as alleged in  paragraph

seven which caused or contributed to Plaintiff's injury, and/or other passengers both prior

to and after Plaintiff had injured themselves in the same manner that caused Plaintiff to

be injured and other passengers on the same cruise or other cruises on other of this or the Defendant's vessels serving alcohol.

13.    At all times, Plaintiff was acting with due care for her own safety.

14.    At all times material hereto, Defendant was in direct control of (owned and/or operated) the vessel where Plaintiff was injured.

15.    As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and suffered pain, mental and emotional distress and anguish there from; incurred medical expense and physical handicap; an aggravation of known and/or unknown pre-existing medical conditions; lost the value of enjoyment of her cruise; suffered a loss of the ability to enjoy life; and a loss earnings in the past and earning capacity in the future. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such impairments in the future.

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, pre-judgment interest and costs, and demands a trial by jury.

DATED this ___9th___ day of July, 2013.

By:    _____

Paul J. Ansel, Esquire
Florida Bar No. 119371
admiraltylawyer@bellsouth.net
Maritime Injury Law Center, P.A.
*Attorney for the Plaintiff*
601 S. Ocean Drive
Hollywood, Florida 33019
Tel: (954) 922-9100
Fax: (954) 955-9176